IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND, | * * * * |
| Plaintiffs, | * * |
| v. | * Case No.: PWG 21-cv-2917 |
| LOGA HOLDING, LLC dba ALPHA ONE ELECTRICAL, LLC, | * * * |
| Defendant. | * * |

## MEMORANDUM OPINION

Plaintiffs, Trustees of the National Electrical Benefit Fund ("NEBF"), filed suit against Defendant, Loga Holdings, LLC, doing business as Alpha One Electrical, LLC ("Loga Holdings"), seeking delinquent pension fund contributions and related relief pursuant to §§ 502(a) and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 US.C. §§ 1132, 1145. Compl. ¶¶ 2-4, ECF No. 1. Defendant did not answer the Complaint or otherwise defend against the suit. Plaintiffs subsequently filed a Motion for Clerk's Entry of Default, ECF No. 9, which was granted, ECF No. 11, and a Motion for Default Judgment, Mot., ECF No. 10. Defendant has not responded to Plaintiffs' Motion for Default Judgment and the time for doing so has now passed. *See* Loc. R. 105.2(a) (D. Md. 2021). I have reviewed the filings[1] and find a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2021). Plaintiffs have demonstrated liability and established the damages they seek. Accordingly, Plaintiffs' Motion for Default Judgment is GRANTED.

---

[1]  Mot., ECF No. 10.

## BACKGROUND

The NEBF is a multiemployer pension benefit plan within the meaning of Section 3(2) of ERISA, established pursuant to an agreement between the International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association ("NECA"). 29 U.S.C. §§ 1002(2); Compl. ¶ 4. Employers agree to participate in the NEBF through collective bargaining agreements with IBEW or an affiliated local union.

Defendant is an employer within the meaning of Section 3(5) of ERISA and a signatory to collective bargaining agreements with the IBEW Local Union 995. 29 U.S.C. § 1002(5); Compl. ¶¶ 5-6. Per these agreements, Defendant is bound to all the terms and conditions of these agreements and the Restated Employees Benefit Agreement and Trust for the National Electrical Benefit Fund ("NEBF Trust Agreement"). *Id.* ¶ 7. The NEBF Trust Agreement requires Defendant to make monthly payments to the NEBF on behalf of its employees. *See* NEBF Trust Agreement, ECF No. 10-2 Ex. 1. The NEBF Trust Agreement also provides for the imposition of interest payments, liquidated damages, and other fees in the event that an employer fails to make the required contributions. *Id.* § 6.9. Despite its obligations under the NEBF Trust Agreement, Defendant has failed to make the required payments: at least $4,631.12 in contributions for work performed by covered workers between July and October 2020. Plaintiffs now seek "a judgment in the amount of $7,666.08, consisting of delinquent contributions, interest, liquidated damages, and attorney's fees and costs, plus any additional fees and costs incurred by NEBF in connection with the enforcement of a judgment; and interest on all amounts awarded." Mot. ¶ 8.

## STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process when a party applies for default judgment. First, the rule provides that "when a party ... has failed to plead or

2

otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Following the Clerk's entry of default, "the plaintiff [then may] seek a default judgment." *Godlove v. Martinsburg Senior Towers, LP,* No. 14-CV-132, 2015 WL 746934, at *1 (N.D.W. Va. Feb. 20, 2015); *see also* Fed. R. Civ. P. 55(b). "The Fourth Circuit has a 'strong policy' that 'cases be decided on their merits.'" *S.E.C. v. Lawbaugh,* 359 F. Supp. 2d 418, 420 (D. Md. 2005) (citing *Dow v. Jones,* 232 F. Supp. 2d 491, 494 (D. Md. 2002)). However, "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party." *Id.* at 420-22.

In determining whether to grant a motion for default judgment, the Court takes as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). If the Court finds that "liability is established, [it] must then determine the appropriate amount of damages." *Agora Fin., LLC v. Samler,* 725 F. Supp. 2d 491, 484 (citing *Ryan,* 253 F.3d at 780-81). In order to do so, "the court may conduct an evidentiary hearing, or may dispense with a hearing if there is an adequate evidentiary basis in the record from which to calculate an award." *Mata v. G.O. Contractors Grp., Ltd,* No. TDC-14-3287, 2015 WL 6674650, at *3 (D. Md. Oct. 29, 2015); *see also* Fed. R. Civ. P. 55(b).

## DISCUSSION

### I. Liability

Default judgment is sought with respect to Defendant's unpaid contributions to the NEBF. Under section 515 of ERISA, "[e]very employer who is obligated to make contributions to a

3

multiemployer plan … under the terms of a collectively bargained agreement shall … make such contributions in accordance with the terms and conditions of such … agreement." 29 U.S.C. § 1145. Section 502(g) of ERISA allows a fiduciary to enforce this provision and bring suit to recover: (1) the delinquent contributions under Section 515; (2) any interest on the delinquent contributions; (3) liquidated damages in "an amount equal to the greater of ... (i) interest on the [delinquent] contributions, or ... (ii) liquidated damages provided for under the plan not in excess of 20 percent" of the delinquent contributions; (4) reasonable attorneys' fees and costs; and (5) "such other legal and equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2). "The Supreme Court has found that these sections of ERISA 'provide trustees of multiemployer benefit plans with an effective federal remedy to collect delinquent contributions.'" *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.,* 919 F. Supp. 2d 680, 685-86 (D. Md. 2013) (quoting *Laborers Health & Welfare Trust Fund for Northern Cal. v. Advanced Lightweight Concrete Co.,* 484 U.S. 539, 541 (1988)). Furthermore, in an action to collect delinquent contributions, "a multiemployer plan can enforce, as written, the contribution requirements found in the controlling documents." *Bakery & Confectionery Union & Indus. Int'l Pension Fund v. Ralph's Grocery Co.,* 118 F.3d 1018, 1021 (4th Cir. 1997).

Here, Defendant is, and has been at all relevant times, a signatory to collective bargaining agreements with IBEW Local Union 995. Compl. ¶ 6. Defendant is bound by the terms and conditions of these agreements and the NEBF Trust Agreement, which requires Defendant to make monthly contributions. *Id.* ¶ 7; NEBF Trust Agreement. As established by the Affidavit of Brian Killian, Contribution Compliance Manager of the NEBF, between July and December 2020, Defendant failed to make the required payments and therefore owes $4,631.12 in delinquent contributions. Killian Aff. ¶¶ 4-9, ECF No. 10-

2. Thus, through their Complaint, Affidavits, and supporting exhibits, Plaintiffs have shown Defendant violated Section 515 of ERISA.

## II. Damages

Having established ERISA liability, I must now determine the appropriate amount of damages. Plaintiffs are entitled to: (1) the amount of delinquent contributions; (2) interest; (3) liquidated damages in an amount "equal to the greater of (i) the interest on the [delinquent] contributions or (ii) liquidated damages provided for under the plan and not in excess of 20 percent of the [delinquent] contributions; (4) reasonable attorneys' fees and costs; and (5) other legal and equitable relief this Court deems appropriate." *Int'l Painters,* 919 F. Supp. 2d at 686 (citing 29 U.S.C. § 1132(g)(2)). Plaintiffs have requested $4,631.12 for delinquent contributions, $697.23 in interest, $926.23 in liquidated damages, and $1,411.50 in attorneys' fees and costs, for a total of $7,666.08 in damages. *See* Mot. ¶ 8.

### A. Delinquent Contributions

In his Affidavit, Mr. Killian attests that Defendant failed to pay the required monthly contributions to the NEBF between July and October 2020. Killian Aff. ¶ 8. In total, Defendant owes the NEBF $4,631.12 in delinquent contributions. *Id.* ¶¶ 1, 10; NEBF Delinquency Report, ECF No. 10-2 Ex. 2. I find the evidentiary basis in the record adequate and the amounts appropriate. Accordingly, I award Plaintiffs $4,631.12 in delinquent contributions.

### B. Interest

ERISA provides for interest on delinquent contributions "using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26." 29 U.S.C. § 1132(g)(2). The NEBF Trust Agreement provides that interest on delinquent contributions will be assessed "at a ten percent (10%) annual rate compounded monthly throughout the period of delinquency[.]"

5

NEBF Trust Agreement § 6.9.3. Applying this interest rate, Plaintiffs claim $697.23 in interest. Killian Aff. ¶ 10. This interest amount is greater than the amount Plaintiffs originally claimed in their Complaint, $566.27. Compl. ¶ 11. Generally, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). If, however, the complaint provides notice to the defendant "that additional unspecified damages may be awarded if the case proceeds to judgment," the amount of damages awarded may exceed the amount of damages specifically pleaded without violating Federal Rule of Civil Procedure 54(c). *Nat'l Automatic Sprinkler Indus. Welfare Fund v. Harvey*, No. GJH-15-521, 2016 WL 297425, at *5 (D. Md. Jan. 21, 2016). I will allow the increase in interest because the Complaint provided notice that the amount of interest would increase. *See* Compl. p. 5. I find the evidentiary basis in the record adequate and the amounts appropriate. Accordingly, I award Plaintiffs $697.23 in interest.

### C. Liquidated Damages

Liquidated damages can be awarded at the greater amount of either: (1) the interest on delinquent contributions; or (2) the "liquidated damages provided for under the plan and not in excess of 20 percent" of the delinquent contributions. 29 U.S.C. § 1132(g)(2)(C)(i)—(ii). The NEBF Trust Agreement authorizes the assessment of "an amount up to twenty percent (20%) of the amount found to be delinquent ..." as liquidated damages. NEBF Trust Agreement § 6.9.2. Applying this liquidated-damages rate, Plaintiffs claim $926.23 in liquidated damages. Killian Aff. ¶ 10. I find the evidentiary basis in the record adequate and the amounts appropriate. Accordingly, I award Plaintiffs $926.23 in liquidated damages.

### D. Attorneys' Fees and Costs

Plaintiffs claim attorneys' fees and costs totaling $1,411.50. Hawkins Aff. ¶ 10. If a delinquent-contributions judgment is made in favor of a plaintiff's plan, I must award reasonable attorneys' fees and costs, to be paid by the defendant. *See* 29 U.S.C. § 1132(g)(2)(D). The NEBF Trust Agreement also provides for the payment of attorneys' fees and costs incurred in collecting delinquent contributions. *See* NEBF Trust Agreement § 6.9.5. Jennifer Bush Hawkins, counsel for the Plaintiffs, provided an Affidavit with a detailed accounting of the fees and costs incurred in this matter. Hawkins Aff. ¶¶ 5-6.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). This approach is commonly known as the "lodestar" method. *Grissom v. The Mills Corp.,* 549 F.3d 313, 320 (4th Cir. 2008). In assessing reasonableness, the Fourth Circuit has instructed district courts to consider certain factors, including:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases.

*Barber v. Kimbrell's, Inc.,* 577 F.2d 216, 226 n.28 (4th Cir. 1978).

Applying the lodestar method, I find that Plaintiffs' attorney and legal assistant billed at reasonable hourly rates. Appendix B of the Maryland Local Rules provides guidelines regarding hourly rates. Loc. R. App. B. (D. Md. 2021). For attorneys admitted to the bar for twenty years or

7

more, the guidelines range is $300 to $475 per hour. Plaintiffs' attorney has practiced law for twenty-eight years. Hawkins Aff. ¶ 3. Her hourly rate of $445 therefore falls within the guidelines range. *Id.* ¶ 5. The guidelines range for paralegals is $95 to 150 per hour. Loc. R. App. B. (D. Md. 2021). The hourly rate for Plaintiffs' legal assistant is within that range at $145 per hour. Hawkins Aff. ¶ 5.

Ms. Hawkins' Affidavit includes a summary chart record of the fees and costs. *See* Hawkins Aff. ¶¶ 6-9; Capitol Process Services Invoice, ECF No. 10-1 Ex. 2. Although contemporaneous time records are preferred, a summary chart can be sufficient if it includes enough information to determine the reasonableness of the fees. *Beyond Sys., Inc. v. World Ave. USA, LLC,* No. CIV.A. PJM-08-921, 2011 WL 3419565, at *6 (D. Md. Aug. 1, 2011) (citing *CoStar Grp., Inc. v. LoopNet, Inc.,* 106 F. Supp. 2d 780, 788 (D. Md. 2000)). The Affidavit indicates that Ms. Hawkins billed a total of .8 hours – .4 hours preparing the pleadings and .4 hours on motions practice – and Caroline Lippie, the legal assistant, billed a total of 3.1 hours – 1.3 hours preparing the pleadings and 1.8 hours on motions practice. *See* Hawkins Aff. ¶ 6. After reviewing the filings, this time record does not reflect any overly redundant, excessive, or unnecessary work. Accordingly, the fees are reasonable and approved.

Plaintiffs also seek the $402 statutory filing fee and $204 process service fee in costs. *Id.* "Costs that may be charged include 'those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services.'" *Trs. of the Nat'l Automatic Sprinkler Indus. Welfare Fund v. Westland Fire Prot., Inc.,* No. DKC 12-1421, 2014 WL 824121, at *3 (D. Md. Feb. 28, 2014) (citing *Spell v. McDaniel,* 852 F.2d 762, 771 (4th Cir. 1988)). The docket reflects that Plaintiffs paid the $400.00 filing fee, ECF No. 1., therefore, Plaintiffs are entitled to recover the fee. *See Nat'l Elec. Ben. Fund v. AC-DC*

*Elec., Inc.,* No. CIV.A. DKC 11-0893, 2011 WL 6153022, at *4 (D. Md. Dec. 9, 2011) (explaining that the docket reflects the plaintiff paid a $350 filing fee and therefore plaintiff was entitled to recover this amount). Plaintiffs also provide documentation to support the $204 process service fee, so Plaintiffs are entitled to recover this fee as well. *See id.*; Hawkins Aff. ¶¶ 9-10; Capitol Process Services Invoice. Accordingly, I find the requested attorneys' fees and costs reasonable and will award them in full.

    E.  **Other Legal or Equitable Relief as the Court Deems Appropriate**

I may further authorize "such legal and equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2)(E). I do not find any additional relief is appropriate at this time.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Default Judgment is granted. Judgment will be entered for Plaintiffs in the amount of $6,254.58 in damages and $1,411.50 in attorneys' fees and costs.

A separate Order follows.

Date: August 4, 2022              _____/S/_____
                                      Paul W. Grimm
                                      United States District Judge